J-S76010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL SIMPSON | |
| Appellant | No. 3749 EDA 2015 |

Appeal from the PCRA Order dated December 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1106411-2005

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 30, 2016**

Appellant Michael Simpson *pro se* appeals from the December 4, 2015 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), which dismissed as untimely Appellant's request for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  For the reasons set forth below, we affirm.

The facts and procedural history underlying this case are undisputed.[1] Briefly, following a jury trial, Appellant was convicted—for his role in the robbery and shooting of Kareem Frazier and Roy Williams—of two counts of aggravated assault, two counts of criminal conspiracy, attempted murder,

---

[*] Former Justice specially assigned to the Superior Court.

[1] We need not recite the full facts giving rise to this appeal as they are not relevant for purposes of disposition.

carrying a firearm without a license, carrying a firearm on public streets or public property in Philadelphia, and possessing an instrument of crime. On September 7, 2007, Appellant was sentenced in *absentia* to an aggregate term of 20 to 40 years' imprisonment. Appellant timely appealed to this Court. On August 28, 2008, a panel of this Court dismissed Appellant's appeal because Appellant was and had remained a fugitive since the jury returned its verdicts. *See Commonwealth v. Simpson*, 961 A.2d 1283 (Pa. Super. 2008). Appellant did not petition for allowance of appeal. As a result, Appellant's sentence became final on September 27, 2008. In September 2009, Appellant was arrested and returned to custody.[2]

On April 14, 2014, Appellant filed the instant PCRA petition, alleging that his trial counsel was ineffective for failing to inform him of the Commonwealth's plea offer. In support of his petition, Appellant attached a document titled "Major Trials Unit Case Identification," which shows a purported plea offer of 8 to 20 years' imprisonment. Appellant alleged that he first learned of the plea offer on April 8, 2014, *i.e.*, about one week prior to the filing of the instant petition, when he reviewed his case file. Following issuance of a Pa.R.Crim.P. 907 notice, the PCRA court dismissed as untimely Appellant's PCRA petition on December 4, 2015. Appellant timely appealed to this Court. The PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b)

_____

[2] Appellant subsequently was unsuccessful in his *pro se* efforts to obtain *nunc pro tunc* reinstatement of his appellate rights.

statement of errors complained of on appeal. Appellant complied. In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[3] Appellant argues only that the PCRA court erred in dismissing his petition "where Appellant filed his petition within 60 days of learning that the Commonwealth provided a plea offer prior to trial." Appellant's Brief at 5.

As a threshold matter, we must determine whether the court erred in dismissing as untimely Appellant's PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner _**and could not have been ascertained by the exercise of due diligence**_; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after

---

[3] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

> the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b) (emphasis added). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, as stated earlier, the record reflects Appellant's judgment of sentence became final on September 27, 2008. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from September 27, 2008 to file his PCRA petition, the current filing is facially untimely given it was filed on April 14, 2014.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant concedes that the instant PCRA petition is untimely. He, however, alleges that he is entitled to relief under Section 9545(b)(1)(ii) because he learned of the pre-trial plea offer

- 4 -

for the first time on April 8, 2014 and filed the instant PRCA petition within 60 days. As the PCRA court and the Commonwealth note, however, Appellant fails to plead and prove that the plea offer "could not have been ascertained by the exercise of due diligence" prior to April 8, 2008. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, considering Appellant was sentenced in 2007, Appellant does not explain why he failed to review his case file prior to April 8, 2014. Thus, because Appellant does not meet the due diligence requirement under Section 9545(b)(1)(ii), we conclude that the PCRA court did not err in dismissing as untimely his PCRA petition. Simply put, the PCRA court did not have jurisdiction to entertain it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2016